FILED

11 FEB -3 PM 1:02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GREEN,<br><br>              Petitioner,<br><br>    v.<br><br>L. S. McEWEN, Warden,<br><br>              Respondent. | Civil No.   11cv0165-BEN (BLM)<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT LEAVE TO AMEND |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Petitioner challenges the conditions of his confinement but not the fact or duration of his incarceration, and the Petition therefore does not present a claim cognizable on federal habeas. Thus, although the Court grants Petitioner's Motion to proceed in forma pauperis, the Petition is subject to dismissal without leave to amend, but without prejudice to Petitioner to present his claim in a Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983.

### IN FORMA PAUPERIS APPLICATION

Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

## PROPER FORM OF ACTION

The Petition presents a single claim. Petitioner alleges that newly promulgated prison rules and regulations deny overnight family visitation to prisoners (like Petitioner) who are serving sentences of life with the possibility of parole but who have not yet had a parole date set by the Board of Prison Terms. (Pet. at 6.) He contends the new rules and regulations violate his rights under the Due Process Clause of the Fourteenth Amendment. (Id.)

Challenges to the fact or duration of confinement are properly brought in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).

Preiser left open the possibility of assertion of a conditions-of-confinement claim in a habeas application where additional and unconstitutional restraints are at issue. See Preiser, 411 U.S. at 499 ("This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.") Restrictions on family visitation are not the type of "additional and unconstitutional restraints" which are distinct from conditions of confinement, and Petitioner's allegations therefore do not state a claim cognizable on federal habeas. Wilwording v. Swenson, 404 U.S. 249, 251 (1971); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Motion to proceed in forma pauperis and **DISMISSES** this case without prejudice for failure to state a cognizable federal

habeas claim.  The dismissal is without leave to amend but without prejudice to Petitioner to present his claim in a separate civil rights Complaint pursuant to 42 U.S.C. § 1983, if he wishes, which will be given a separate civil case number.

**IT IS SO ORDERED.**

DATED: 2-03-2011

Roger T. Benitez
United States District Judge

Copies to:   ALL PARTIES